SIMEON B. CHITTENDEN et al., Respondents, v. FREDERICK W. WURSTER, as Mayor of the City of Brooklyn. et al.. Appellants.

(Submitted May 13, 1897; decided June 8, 1897.)

MOTION for a reargument. (See 152 N. Y. 345.)

*Edward M. Shepard, J. Warren Greene* and *Henry Yonge* for motion.

*Joseph A. Burr* opposed.

HAIGHT, J. It is claimed that the court, in the disposition of this case, overlooked important questions, misapprehended the position of counsel and fell into error with reference to the provisions of the statute.

In the opinion we stated that "Under the provisions of this statute it was made the duty of the mayor of the city of Brooklyn to arrange in classes. all clerks and persons employed in the public service of the city, and to include in one or more

of such classes, *so far as practicable* for the purposes of competitive examination, all the subordinate clerks and officers in the public service of the city." It is now said by counsel with reference to this statement that "The only requirement that the mayor should classify is contained in section 8 of the Civil Service Act. That section requires him to prescribe regulations which shall, according to section 8, provide and declare as in the second subdivision of the second section of this act is provided and declared in reference to regulations for admission to the civil service of the state. That subdivision provided for open and competitive examination, *but only* as nearly as the conditions of good administration will warrant." Counsel are mistaken in saying that the subdivision provided for open and competitive examinations, *but only* as nearly as the conditions of good administration will warrant. This was the only requirement of the original statute of 1883, but under chapter 410 of the Laws of 1884 section eight was amended, and our statement was taken from the amended provision which was in force at the time the opinion was written. We will quote the part alluded to again: "Within two months after the passage of this act it shall be the duty of each of said mayors in and by such regulations to cause to be arranged in classes the several clerks and persons employed or being in the public service of the city of which he is mayor, and *he shall* include in one or more of such classes, *so far as practicable* for the purposes of the examination herein provided for, all subordinate clerks and officers in the public service of the said city to whom his power under this act extends." Here we have a mandatory provision, he shall include so far as practicable, etc. This is a requirement in addition to the provision "as nearly as the conditions of good administration will warrant." To our minds it not only effectually disposes of the contention that Mayor Low did not make his classification for a competitive examination so far as practicable, but justifies our conclusion that the Constitution was intended to be in harmony with the statute. This provision of the statute was approved on the 29th day of May, 1884. On the 15th day of August thereafter the mayor proceeded to make his rules and regulations

84

in accordance with its provisions, specifically referring to it, saying: " In pursuance of the 8th section of chapter 354 of the Laws of 1883 as amended by chapters 357 and 410 of the Laws of 1884, I, Seth Low, mayor of the city of Brooklyn, hereby prescribe the following regulations for the admission of persons into the civil service of the city of Brooklyn," etc. He was then the mayor of Brooklyn and sworn to faithfully discharge the duties of his office. The statute commanded him to classify for a competitive examination so far as practicable, and until it is otherwise made to appear the law will presume that he discharged his duty.

The other questions do not require further consideration.

The motion for reargument should be denied.

All concur, 'except O'BRIEN, J., not voting.

Motion denied.