■ In the Matter of ALLAN KAMINSKY, Respondent, v. HOWARD R. LEARY, as Police Commissioner of the Police Department of the City of New York, et al., Appellants.— Order entered November 3, 1967 "directing a trial to determine whether or not the police commissioner acted in the proper exercise of his discretion or capriciously and arbitrarily" reversed, on the law, without costs or disbursements, and the petition dismissed. (Matter of Sheridan v. Broderick, 27 A D 2d 652; Matter of Milo v. Murphy, 22 A D 2d 1016; Matter of Delicati v. Schechter, 3 A D 2d 19.) The Police Commissioner did not state a reason for failing to appoint petitioner as a probationary patrolman after his name had been certified on three occasions. The mere allegation that petitioner was advised by an unidentified officer, knowledge of which is denied by the Police Commissioner, that certain unnamed officers would not recommend petitioner's appointment as a probationary patrolman because of the arrest records of petitioner's brothers does not raise an issue of fact requiring a trial. (Matter of Milo v. Murphy, 22 A D 2d 1016, supra.) In Milo, petitioner alleged he was passed over "solely because of the conduct of petitioner's father, to wit, James Milo." The Commissioner denied this and the petition was dismissed. The mere allegation that one was passed over because of the conduct of a relative is insufficient to raise a triable issue of fact as to the reasonableness of the Commissioner's determination. Here petitioner simply alleges that an unidentified officer stated petitioner would not be recommended for appointment. The Police Commissioner denies knowledge thereof. The rule is stated in Delicati (3 A D 2d, at p. 23): "the failure to provide particulars or a specification of reasons for the exercise of discretion in declining an appointment is not evidence of arbitrariness or capriciousness." Section 61 of the New York State Civil Service Law and section 7 of rule 4 of the Rules of the Civil Service Commission of the City of New York limit the group from which a selection may be made. The Police Commissioner has the right to select one of three persons certified for a position. He is not required to select the person graded highest on the list. Neither the refusal to appoint nor the refusal to

give a reason for the failure to appoint is evidence of arbitrariness. Any other rule would convert the privilege of each of three eligibles to be considered for appointment into a presumptive right to be appointed. (*Matter of Redman* v. *New York City Tr. Auth.*, 14 A D 2d 911.) Concur — Stevens, P. J., Eager and McNally, JJ.; McGivern and Markewich, JJ., dissent in the following memorandum: We dissent and would affirm the order of Special Term "directing a trial to determine whether or not the police commissioner acted in the proper exercise of his discretion or capriciously and arbitrarily". The actual issue to be tried out is whether there was indeed a reason for respondent Commissioner's refusal to appoint petitioner, whether that reason was the only reason, and whether that reason was that the brothers of petitioner had criminal records. The majority cites *Matter of Delicati* v. *Schechter* (3 A D 2d 19) as authority for its position. We quote (p. 21): "It suffices to sustain the appointing officer's action, if there is no evidence to indicate that he has acted illegally, arbitrarily, or capriciously." But what is before us is a case where there is such evidence which raises the issue to be tried. Petitioner states that an interviewing officer at the Police Academy told him in no uncertain terms that he would not be appointed because of his older brothers' records. An unidentified officer, to be sure, but identifiable by appropriate discovery procedures prior to trial. If the respondent has a reason — the improper reason of "guilt by association" — for refusal to appoint, it would be salutary in a free society to bring it to light.