Helen C. **KOSCHERAK**, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Kurt R. **SCHMELLER**, President, Queensborough Community College, and Harry I. Bronstein, Personnel Director and Chairman, New York Civil Service Commission, Defendants.

Paul H. DaSILVA et al., Plaintiffs,

v.

The **STATE OF NEW YORK** et al., Defendants.

Nos. 72 Civ. 3185, 72 Civ. 3432.

United States District Court, S. D. New York.

Sept. 11, 1973.

Samuel Resnicoff, New York City, for plaintiff Helen C. Koscherak.

Murray Rudman, New York City, for plaintiffs DaSilva, Dixon, Dowling and others.

Louis J. Lefkowitz, Atty. Gen., for the State of New York, by Irving L. Rollins and Arlene R. Silverman, Asst. Attys. Gen.

Norman Redlich, Corp. Counsel for the City of New York, by Frederick H. Ahrens, Jr., Bellerose, A. Michael Weber and John Nachagel, New York City, Asst. Corp. Counsels.

John G. de Roos, Gen. Counsel, New York City Transit Authority, by Helen R. Cassidy, James P. McMahon and John A. Murray, Brooklyn, N.Y., David Quient, Glen Cove, N.Y., for Police Department, City of Glen Cove.

Otto M. Bonaparte, New York City, for New York City Housing Authority.

Before HAYS, Circuit Judge and TYLER, and DUFFY, District Judges.

## OPINION

TYLER, District Judge.

Plaintiffs in these consolidated actions fall into two categories: (1) civil servants, employed by agencies of New York State, Nassau County and New York City, who are seeking promotions; and (2) applicants seeking their first appointments as civil servants. All took and passed competitive examinations [1] offered by the state, county or city civil service commission, and were certified to the public agency defendants as eligible for the positions desired. These agencies, by direct authority of Section 61(1) of the New York State Civil Service Law,[2] or, in the case of county or municipal agencies, by rule adopted thereunder,[3] rejected or passed over plaintiffs and instead appointed or promoted eligibles who had achieved lower examination scores.

Plaintiffs challenge the constitutionality of § 61(1). They contend that achieving the top scores on the competitive examinations carries with it a claim to or substantial expectation of promotion or appointment. This being so, in cases where the claim or expectation is not realized, it follows that § 61(1) authorizes a deprivation without due process of law. Plaintiffs also argue that

---

1. Examinations for promotion are labeled "open", N.Y. Civil Service Law § 51, those for appointment "competitive", N.Y. Civil Service Law, McKinney's Consol.Laws, c. 7, § 52.

2. § 61 Appointment and Promotion:
"1. Appointment or promotion from eligible lists. Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion, . . ."

3. New York Civil Service Law § 20(1) and (2).

even in the absence of a substantive right to promotion or appointment, those directly affected by civil service personnel decisions can demand that a given agency not act arbitrarily or capriciously, nor apply criteria such as race, religion or sex; since § 61(1), by its terms fails to require the agency to state its reasons for deviating from examination score order, the statute facilitates and renders undetectible such impermissible conduct.

Mandatory injunctive relief favoring plaintiffs in their promotion or job applications and a declaration of the unconstitutionality of § 61(1) are sought. Defendants have moved to dismiss the complaints for failure to state a claim upon which relief can be granted. Rule 12(b)(6), F.R.Civ.P.

Defendants' motion for judgment on the pleadings was originally denied without prejudice on March 12, 1973 by Judge Tyler, who found that the issues here raised were not "essentially fictitious", "wholly insubstantial" or "obviously frivolous or without merit", Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36; hence, he granted plaintiffs' application for the convention of a three-judge court, pursuant to 28 U.S.C. § 2284. Defendants' motions will be treated as made pursuant to F.R.Civ. P. § 56(a) for summary judgment inasmuch as counsel for the parties have submitted affidavits to the three-judge panel.

Argument was heard on June 11, 1973 before the statutory court, after which decision was reserved. It has now been determined, for the reasons set forth below, that defendants are entitled to judgment as prayed.

I

In decisions issued on the same day, Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Supreme Court made clear that rights to public employment or pro-

motion in a public service system, enforceable under the due process clause of the Fourteenth Amendment, exist only to the extent accorded through statutes or regulations or both, by the public service system in question. In *Roth,* plaintiff, an assistant professor at the Oshkosh campus of Wisconsin State University, hired on a tentative basis for one year, was notified by defendant Board of Regents that he would not be granted permanent status on the faculty after his probationary term was up. By its express rule, promulgated pursuant to state statute, the Board of Regents was not obligated to and did not give any reasons for its action, nor did the Board allow Roth a hearing to contest it. Roth brought suit, asserting that he had been deprived of property without due process of law, but it was ultimately determined that he had no property, nor right of any sort. He had only a hope of being made a part of the faculty, as neither the Wisconsin statutory and regulatory scheme nor the contract entered into by Roth and the Board secured him any interest in his future employment.[4]

In *Sindermann,* plaintiff, a professor at a state junior college in Texas, was told that he would not be rehired at his present post at the expiration of his existing contract. No reasons were given, nor was a hearing provided. Plaintiff, however, had an arguable claim to being tenured, as tenure was defined by his institution and the Co-ordinating Board of the Texas College and University System, which if established, would confer upon him an enforceable right to a statement of reasons and a hearing. To deny him such, it was held, would amount to a deprivation without due process. See also, Slochower v. Board of Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956) (tenured professor at a public college) and Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952) (professor and staff at a public college dismissed during the term of their contracts).

Section 61(1) of the New York Civil Service Law, set out above,[5] is a recent

4. 408 U.S. at 577–578, 92 S.Ct. 2701.

5. See fn. 2, *supra.*

codification of a practice or scheme, first tested and sustained in People ex rel. Balcom v. Mosher, 163 N.Y. 32, 57 N.E. 88 (1900), designed to reconcile the policy of maintaining a merit system for public employment with the need of the administrator to exercise some control over the composition of his staff. The scheme binds the administrator in a given agency to choose from among the top three eligibles submitted by the appropriate civil service commission; it does not require him, when making that choice, to state his reasons or provide a hearing to those passed over.[6]

Plaintiffs have offered no contradictory authority or relevant contract provision that guarantees their promotion or appointment. Instead, they base their claim on Article V, Section 6, of the Constitution of the State of New York, which in relevant part, provides:

"Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including the cities and villages, shall be made according to merit and fitness to be ascertained as far as practicable, by examination which, as far as practicable, shall be competitive; . . ."

and the implementation of that provision, the statutory and regulatory scheme of the state and subdivisions thereof for examination and certification of eligibles. (See, generally, in this regard, §§ 50–65 of the New York State Civil Service Law).

Article V, Section 6 of the state constitution, however, by its very language, acknowledges that a strict test score merit system may have to be tempered. The existence of § 61(1) indicates beyond any doubt that this was in fact the conclusion of the New York lawmakers. Plaintiffs, therefore, have no right to the promotions and appointments they seek.

The claim has been advanced by those seeking promotion that their tenured status brings them within the holdings in Roth and Sindermann. But, tenure, as defined therein, referred to a claim under the applicable civil service system to the new position desired, which plaintiff in Roth lacked, or to the position sought to be retained, as plaintiff in Sindermann arguably possessed. Simply put, plaintiffs here are situated as was Roth; they have not attained tenure in the positions they seek.

## II

Plaintiffs press the contention that, at the least, the administrator exercising his discretion under § 61(1) should be required to set forth his reasons for so acting, lest he be tempted to pass over eligibles due to racial, religious or sexual bias or caprice. A statement of reasons, it is asserted, would permit effective judicial scrutiny and detection of clearly unconstitutional conduct.

This claim arose in Roth. Plaintiff there had alleged that he had not been re-hired as a punishment for the exercise of his First Amendment rights—i. e. criticism of the university administration. But, proceedings on this issue had been stayed in the district court and therefore, were not directly before the Court of Appeals or the Supreme Court. The Seventh Circuit, however, in what seems to have been obiter dictum, determined that due process required an agency to give reasons and hold a hearing

". . . as a prophylactic against non-retention decisions improperly motivated by exercise of protected rights. . . ." 446 F.2d at 810.

The Supreme Court in rejoinder found that Roth had no right to stated reasons or a hearing because of his lack of tenure, as discussed above,[7] and did not comment on this aspect of the Court of Appeals opinion other than to mention it.[8]

6. Kaminsky v. Leary, 33 A.D.2d 552, 304 N. Y.S.2d 650 (1st Dept.1969), aff'd. 28 N.Y. 2d 959, 323 N.Y.S.2d 700, 272 N.E.2d 75 (1971). Delicati v. Schecter, 3 A.D.2d 19, 157 N.Y.S.2d 715 (1st Dept.1956).

7. Supra, at 935.

8. 408 U.S. at 574–575, 92 S.Ct. 2701, 33 L. Ed.2d 548, fn. 14.

The uncertainty was alleviated in *Sindermann.* The Fifth Circuit had advanced the same proposition as did the Seventh Circuit in *Roth,* and it was flatly rejected.

> "The Court of Appeals suggested that respondent might have a due process right to some kind of hearing simply if he *asserts* to college officials that their decision was based on his constitutionally protected conduct. 430 F. 2d at 944. We have rejected this approach in Board of Regents v. Roth, *ante,* p. 564, at 575, n. 14, 92 S.Ct. at 2708, n. 14" 408 U.S. 599 n. 5, 92 S.Ct. 2698.

Plaintiffs urge, nonetheless, that their claim has merit as an "entitlement", the right of an individual to demand that that government in effect grant hearings and give written reasons for hiring and promotion decisions as a matter of due process of law. E. g. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970) (termination of welfare benefits); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (revocation of driver's license).

There is no entitlement here. Plaintiffs are not being deprived of something they now enjoy, as was the recipient of welfare benefits in *Goldberg* and the holders of driver's licenses in *Bell.* Those seeking promotions remain in their present civil services posts, with tenure and in good standing therein, and those seeking appointment are in the same position as any unsuccessful job applicant in the private sector.

## CONCLUSION

There being no right to appointment or promotion in public service by virtue of examination scores, and no basis for the sweeping prophylactic function plaintiffs would assign due process in this context, the applications for injunctive and declaratory relief must be and are denied. Defendants' motion for judgment pursuant to F.R.Civ.P. § 56(a) is granted. Settle order and judgment accordingly.