Gabrielli, J.
 

 On this appeal brought directly to our court from Special Term on constitutional grounds, pursuant to CPLR 5601 (subd [b], par 2), we are called upon to determine the validity of section 61 of the Civil Service Law which provides for the method of appointment within the civil service system. Petitioner received the highest grade and ranking in a promotional examination for the position of Housing Code Enforcement Supervisor. Respondent commission chose the second highest ranking candidate for the position. Petitioner then commenced this article 78 proceeding contending that respondent was required to appoint him to the position by virtue of section 6 of article V of the New York State Constitution.
 
 [1]
 
 He also contends that subdivision 1 of section 61 of the Civil Service Law is unconstitutional to the extent it authorizes appointment of any one of the three persons standing highest on the eligible list.
 
 [2]
 
 Special Term declared section 61 of the Civil Service Law constitutional, upheld the action of respondent commission and dismissed the petition.
 

 We conclude that the constitutional provision does not mandate the selection of the highest individual on the eligible list. The phrase "as far as practicable”, which appears twice in that section, indicates that the framers obviously did not intend examination scores to be. the sole determinant of fitness. Section 61 was designed to reflect the policy that factors aside from examination performance could be taken
 
 *529
 
 into account in making civil service appointments. We have in the past recognized the soundness of this practice. "The Constitution provides that to an extent those questions [of merit and fitness] are to be determined by an examination, but it is obvious that it was understood at that time that it would be impracticable to fully determine the merit and fitness of an employee or appointee by a mere examination whether competitive or otherwise.”
 
 (People ex rel. Sweet v Lyman,
 
 157 NY 368, 376; cf.
 
 Matter of Kaminsky v Leary,
 
 33 AD2d 552, affd 28 NY2d 959.) Indeed, this court held, over 75 years ago, that a statute requiring the selection of the individual scoring highest on a civil service examination was unconstitutional
 
 (People ex rel. Balcom v Mosher,
 
 163 NY 32). Recently, in a case decided upon different grounds, we reaffirmed the historical policy on which section 61 is based and observed that: "Experience had demonstrated that occasionally a candidate, who had done well on a civil service examination and even one whose education and experience normally indicated the potential capacity to perform satisfactorily, was found wanting in the actual execution of duties of the position (Kaplan, The Law of Civil Service [1958], p 182).”
 
 (Matter of Albano v Kirby,
 
 36 NY2d 526, 531.)
 

 An individual’s ability to achieve a high examination score does not necessarily demonstrate his capacity to perform the actual duties of a particular position. Moreover, examination success cannot reveal any possible defects of personality, character or disposition which may impair the performance of one’s duties in a civil service position. (See
 
 Chittenden v Wurster,
 
 153 NY 664.) Hence, of necessity, the appointing authority must be cloaked with the power to choose a qualified appointee who possesses all the attributes necessary for the responsible performance of his duties. Therefore section 61 of the Civil Service Law and the action of respondent are entirely consistent with the policy embodied in the Constitution.
 

 The due process claim raised by petitioner is wholly without merit. The right alleged to have been violated here is not of sufficient substance to merit the protection of the due process guarantees of the New York and Federal Constitutions. Petitioner does not possess any mandated right to appointment or any other legally protectible interest. He can assert at most the right to consideration for and a "hope” of appointment. (See
 
 Board of Regents v Roth,
 
 408 US 564.) In
 
 Hurley v Board
 
 
 *530
 

 of Educ. of City of N. Y.
 
 (270 NY 275, 279), we said, in a different context: "It is not disputed that it is practicable to ascertain merit and fitness for the position of attendance officer by competitive examination. * * * The plaintiff successfully passed the test required. She did not thereby gain a vested right to appointment to the position”.
 

 Accordingly, the judgment of the Supreme Court should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment affirmed.
 

 [1]
 

 . Section 6 of article V, of the Constitution provides that: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”.
 

 [2]
 

 . Subdivision 1 of section 61 of the Civil Service Law, states that: "Appointment or promotion from eligible lists. Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion”.