Per Curiam.

Appellant O’Keefe was a New York City police officer who was taken into custody by the department in connection with an alleged conspiracy to receive $50,000 from a New Jersey doctor believed to have been performing illegal abortions. He was suspended and charged by the department with participation in the conspiracy. Prior to a hearing on the charges, appellant was called before a Grand Jury where he refused to waive immunity. As a result of this refusal, he was dismissed from the force in July, 1965¡ .
Appellant Lawrence was a New York City police officer who was arrested on February 25, 1966 and charged with the crimes of bribery, attempted extortion and accepting unlawful fees. The arrest resulted from an investigation into charges that appellant had knowingly demanded and received money from persons he had previously arrested on gambling charges in return for a promised dismissal of the charges. He was immediately suspended from the force. In March, 1966 the Grand Jury refused to indict and departmental charges were then preferred against him shortly thereafter. Prior to a hearing on these charges, appellant was summoned before a Grand Jury where he refused to sign a limited waiver of immunity. As a result a department hearing was held based solely on his refusal to waive immunity and he was dismissed from his position on November 23, 1966.
Thereafter, in June, 1968 the United States Supreme Court ruled that a public servant’s employment could not be terminated for refusing to waive immunity (Gardner v Broderick, 392 US 273). By stipulation dated May 12, 1969 the appellant O’Keefe was reinstated without prejudice to the previously filed charges. In October, 1970 O’Keefe was tried on the departmental charges and found guilty with a recommendation of dismissal. Thereafter, he was dismissed and commenced this action to annul the determination. The trial court confirmed the officer’s discharge and dismissed the petition. The Appellate Division unanimously affirmed.
Appellant Lawrence was reinstated without prejudice to any pending disciplinary charges by stipulation dated July 30, 1969. He was tried in January, 1970 and as a result of a decision rendered six months later he was found guilty of two of the specifications and sentenced to forfeit 10 days from *568 annual vacation. The Appellate Division unanimously confirmed the commissioner’s determination.
Both appellants contend that the extended delay deprived them of procedural and substantive due process. The assertion of procedural due process must be rejected in light of our holding in Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse (35 NY2d 534, 541) where we held that suspension of a tenured teacher without pay pending the final determination of disciplinary proceedings does not violate due process.
Analogizing to speedy trial principles, the appellants urge that the delays here were constitutionally impermissible. However, it must be remembered that we are dealing here with a civil rather than a criminal proceeding so that it is clear that the speedy trial considerations recently articulated (People v Taranovich, 37 NY2d 442; People v Johnson, 38 NY2d 271) are inapposite. Nevertheless, the due process aspect of delay in the administrative context presents an important issue. The controlling standard is one of "fairness and justice” (Matter of Evans v Monaghan, 306 NY 312; Matter of Brown v Ristich, 36 NY2d 183; Matter of Sowa v Looney, 23 NY2d 329). Thus, whenever a delay in an administrative adjudication significantly or deliberately interferes with a party’s capacity to prepare or to present his case, the right to due process has been violated.
Applying that yardstick here, we conclude that the delays did not deprive the appellants of fairness and justice mandated by due process. The major part of the delay was attributable to the operation of pre- Gardner law and the post- Gardner delay was not so extensive as to obstruct appellant’s defenses. Neither appellant has shown any harm to his capacity to defend himself or any deliberateness on the commissioner’s part. Moreover, no demand for an expedited hearing or disposition was made by Lawrence, and O’Keefe waited until July, 1970 to assert a claim of delay.
Appellant Lawrence argues that by virtue of the extended pay suspension he was subjected to a punishment grossly disproportionate to the charges sustained. In addition he urges that the suspension without pay was unwarranted since, although in form his conviction may have been of four of the six specifications originally charged, in substance he was convicted of a different offense, extortion, never specified and for which there was no supporting evidence. The record, *569 however, reveals explicitly that appellant was convicted of specifications 1, 2, 3, and 6 of those originally charged. To the extent that the appellant may be understood as contending that his conviction was of an offense not specified among the charges on which his suspension was based, this argument was confronted and rejected in Brenner v City of New York (9 NY2d 447). In that case we also held that a suspension on charges is within the broad discretionary power accorded the commissioner. We further noted that "the courts have consistently held that a member of the police force is not entitled to salary during suspension” provided that he was convicted of the charges (at p 451).
This procedure is subject only to an overriding mandate of reasonableness. That mandate has not been violated in the instant case. Nor is it a judicial function to articulate specific time limitations; that is a legislative function (Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse, 35 NY2d, at p 547, supra [dissenting opn]). Consequently, in view of appellants’ failure to present any factor other than delay and our perception of this delay as reasonable, we affirm.
The final remaining question is O’Keefe’s contention that his statements were inadmissible due to the fact that he was illegally arrested. The respondent counters that this issue is not preserved for our review. At the hearing, appellant objected to the statements on the ground that he had not been informed of his Fifth Amendment rights. Merely claiming a violation of Miranda rights however will not as a matter of law raise the issue of illegal arrest. Accordingly, that issue is not properly before us (Matter of Sowa v Looney, 23 NY2d, at p 333, supra).
The orders of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
In each case: Order affirmed.