John W. Sweeny, J.
In the above-entitled action (so designated) and the above-entitled proceeding brought pursuant to CPLR article 78, which have been consolidated for the purpose of this decision, three related applications are presently before the court regarding the action of the New Windsor Town Board appointing Thomas C. Nucifore as a member of that municipality’s police department.
The issue, which if resolved will dispose of this entire matter, is the authority of a town board to agree to provide in a collective bargaining agreement a clause authorizing its police chief to approve or disapprove appointees designated by the town board.
After providing, in accordance with section 150 of the Town Law, that the town board has the right to hire policemen, the agreement in question states that "The Chief of Police must approve said employees.” The town board stipulated before the undersigned when this matter was heard in this court on December 29, 1975, that it would not appoint Mr. Nucifore unless it had first obtained the approval of its police chief. However, on May 5, 1976, the town unconditionally appointed Mr. Nucifore by a 3-2 vote of its board without the prior approval of its police chief.
Mr. Nucifore, who shall now be considered a party in these matters, argues that the clause, "the Chief of Police must approve said employees”, is ambiguous at best and should be construed as a mandate to the police chief to approve anyone appointed by the town board.
The court must reject any suggestion that the parties to the collective bargaining agreement intended this provision as a directive to the police chief. Since the chief had no statutory or regulatory authority to approve or disapprove an appointee to begin with, such an interpretation would seem meaningless. This clause only has meaning if it is read as an authorization to the police chief to approve any appointee or prospective *75 appointee by giving his professional opinion as to an appointee’s qualifications.
The town now claims that it had no authority to bargain away any incident of its statutory right to "appoint” an individual to its police force. Therefore, it reasons that it had no authority to agree to the December 29, 1975 stipulation with respect to the necessity of obtaining the prior or subsequent approval of its police chief.
The court must reject any argument that the town has abrogated its statutory right to "appoint” police officers. Very clearly it has retained this right; however it has subjected itself by this provision of the contract to a reasonable condition, viz, approval by the professional in charge of its police department’s daily operations.
This court is not aware of any statutory prohibition against laymen in the field of law enforcement (the town board) imposing such a condition on their decisions to appoint police officers. The Legislature has, by enacting the Charter of the City of New York, approved direct appointments of policemen, not by the city council, but rather by the commissioner of police. Therefore, there does not appear to be any public policy in this State against removing some or even all incidents of the authority to appoint from the legislative body of a municipality (cf. Matter of Kaminsky v Leary, 33 AD2d 552, affd 28 NY2d 959).
This court does not believe that the town board has by this agreement delegated its power to appoint police officers. It has merely placed a somewhat necessary review of its decision in operation. Since there is no plain and clear statutory or decisional law prohibiting a town board from negotiating away this precondition to employment, this court does not believe that the town board acted in excess of its authority in agreeing to this aspect of the contract entered into with its local PBA (cf. Syracuse Teaches Assn. v Board of Educ., 35 NY2d 743, 744).
Therefore, this court believes that the town -board should be bound by its contract and the stipulation reached in open court on December 29, 1975. Accordingly, the May 5, 1976 resolution appointing Thomas C. Nucifore is hereby declared to be in violation of both the agreement and stipulation and therefore void due to the failure to obtain the approval of the police chief.
*76 The second-entitled proceeding is therefore dismissed as moot.