■ In the Matter of Louis Donofrio, Jr., Appellant, v Thomas Hastings, Individually and as Chief of Police of the City of Rochester Police Department, et al., Respondents.—Judgment unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Petitioner, a police officer in the Police Department of the City of Rochester, took a civil service promotion examination for the position of Sergeant and he placed first on the list. Nevertheless, respondent Chief of Police on successive occasions passed over him and appointed the number two or three man on the list. It appears that petitioner had previously been involved in an altercation that resulted in a departmental investigation. Later, petitioner unsuccessfully brought a court proceeding against respondent for the suppression of petitioner's statement made in the investigation. Thereafter on various occasions respondent made additional

promotional appointments to the position of Sergeant, bypassing petitioner, and on one occasion he appointed three men from the list, being the second, third and fourth men thereon, to the position of Sergeant. Petitioner then instituted this article 78 proceeding to declare such appointments improper and for judgment requiring respondent to appoint him to the position of Sergeant. Petitioner submitted affidavits to the effect that respondent Chief of Police has said that he will not appoint petitioner because petitioner "took him to court"; and petitioner contends that such action is in derogation of his constitutional rights. We agree with Special Term that the appointments of the second, third and fourth men on the list by one order was technically improper; but since respondent could have made the appointments by two or three successive orders, there is no substance to the objection. Even if the appointment of the fourth man were void or voidable, that would not aid petitioner—it would only create another vacancy for respondent to fill. Respondent has not admitted petitioner's allegation that the only reason petitioner has not been appointed is that he took respondent to court; but petitioner's allegation with supporting affidavits raises a question of fact with respect thereto. We assume that if petitioner should establish upon a hearing that the only reason that respondent has refused to promote him is that on a prior occasion petitioner has exercised his right to have his legal rights determined in court, respondent's refusal to appoint petitioner to the position of Sergeant would be arbitrary and capricious (see *Matter of Perry v Blair,* 49 AD2d 309, 313-314). We recognize that petitioner's burden in making such proof is "well-nigh impossible" to carry (see *Stukuls v State of New York,* 42 NY2d 272, 281-282). We also recognize that the court may not supersede the department head and exercise the appointing power for him *(Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle,* 37 NY2d 526, 529; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430; *Matter of Berger v Walsh,* 291 NY 220; Civil Service Law, § 61). Nevertheless, petitioner is entitled to a hearing to attempt to prove his allegation, and, if he establishes it, to have respondent Hastings reconsider petitioner for promotional appointment *(Matter of Perry v Blair, supra; Matter of Mitchell v Bronstein,* 51 AD2d 942; and see *Matter of Delicati v Schechter,* 3 AD2d 19, 23-24). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Denman, and Witmer, JJ.