In the Matter of JAMES D'AMICO, Appellant, v ADELE LEONARD, as Executive Director of Nassau County Civil Service Commission, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to appoint the petitioner to the position of police officer in the Nassau County Police Department, petitioner appeals from a

judgment of the Supreme Court, Nassau County, entered April 1, 1977, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner, James D'Amico, took a competitive examination for the position of police officer with the Nassau County Police Department on November 18, 1972. After passing the competitive examination, and after undergoing numerous medical and psychological tests, petitioner was notified by the respondent Nassau County Civil Service Commission on or about June 18, 1974 that he had been placed on the eligible list for the position of police officer. Petitioner was No. 116 on said list. He was notified at that time that the list would exist for the period of one year. However, on or about June 18, 1975, respondent commission extended the life of the eligible list for an additional year. When the eligible list expired on June 18, 1976, petitioner's number had not been reached for appointment. In the meantime, during February, 1974, another written examination was given and a new group of eligibles began the testing process. A list incorporating the names of the successful candidates out of this group was subsequently promulgated and became effective upon the expiration of the list containing petitioner's name. Petitioner commenced the instant proceeding in September, 1976, *inter alia,* to compel the respondents to appoint him to the position of patrolman. The petition alleges that the list promulgated on or about June 18, 1974 was permitted to expire while vacancies existed; that immediately thereafter appointments to fill the existing vacancies were made from the new list; and that the respondents, acting arbitrarily and unlawfully, had "intended just such a result and in effect passed over for consideration those candidates who had successfully met every requirement and were awaiting appointment" from the prior list. Petitioner's pretrial motion to direct the respondents to make known the number of vacancies existing at the time that the prior list expired and the precise number of appointments which had been made therefrom was denied. Thereafter, the petition was dismissed. Section 56 of the Civil Service Law provides, *inter alia,* that an eligible list may remain in effect for as long as four years, but that in no event may a list be established for a period of less than one year. However, under the rules of the respondent commission, the duration of a police eligible list has been limited to two years (rule 15, subd 2). Initially, we note that since this proceeding was commenced *after* the expiration of the eligible list which contained the petitioner's name, it appears that petitioner's present appointment from the expired list would be an impossibility (see *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 44 NY2d 904; *Matter of Cash v Bates,* 301 NY 258, 261; cf. *Matter of Mena v D'Ambrose,* 44 NY2d 428). In *Matter of Roske v Keyes* (46 AD2d 366, 368), in which this court recently reviewed some of the principles applicable herein, we stated the following: "the respondent Personnel Officer had the inherent authority to extend the life of [the pertinent] Eligible List * * * up to the statutory maximum of four years (Civil Service Law, § 56; *Uniformed Firemen's Benevolent Assn. v. Herten,* 23 A D 2d 788), as well as to determine whether and when a new competitive examination should be held *(Hurley v. Board of Educ. of City of N. Y.,* 270 N. Y. 275, 280; see Civil Service Law, § 17, subd. 1; § 51, subd. 1; § 56). *The only limitation on this authority is that it not be exercised arbitrarily or in bad faith (Matter of Katz v. Hoberman, 28 N. Y. 2d 530; Matter of Murray v. McNamara, 303 N. Y. 140, 144; see Matter of Council of Supervisory Assns. of Public Schools of N. Y. City v. Board of Educ. of City of N. Y., 23 N Y 2d 458, 465; Matter of Wirzberger v. Watson, 305 N. Y. 507, 513)".* (Emphasis supplied.) On facts somewhat similar to those at bar, we affirmed

the denial of the petition in *Roske* insofar as it sought to restrain respondents from promulgating a new eligible list (thereby terminating a prior list upon which petitioners' names appeared), stating (p 368): "[Petitioners at bar have failed to make] an adequate factual showing on [the] issue [of arbitrariness or bad faith], supplying us with only conclusory allegations based on information and belief. This is not sufficient to rebut the presumption of regularity and honest motivation which attaches to official acts (*Matter of Council of Supervisory Assn. of Public Schools of N. Y. City v. Board of Educ. of City of N. Y., supra,* p 467)." Similar considerations pertain here. In his brief, petitioner claims that the respondents "have used various means to manipulate appointments to some eligibles and [to] deny appointment to others". Yet the gravamen of petitioner's complaint is simply that the respondents "permitted the police appointment list to expire when vacancies existed and then immediately began to make appointments from the next list." The petition and brief are both silent, however, as to the purpose or aim of the respondents in so "manipulating" the lists. As the Court of Appeals stated in *Hurley v Board of Educ.* (270 NY 275, 280): "A competitive examination may demonstrate merit and fitness, at the time of the examination [but as] time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list. The Legislature, or administrative boards or officers, to whom that function has been delegated under appropriate instructions, may [thus] determine how long an existing list shall remain in force and when a new examination shall be held." We believe that this discretion extends to a good faith determination to leave certain vacancies unfilled until a new list becomes effective (cf. *Matter of Roske v Keyes,* 46 AD2d 366, *supra).* To quote again from the decision in *Hurley (supra,* p 279): "[Those who are on an eligible list do] not thereby gain [any] vested right to appointment * * * but so long as the eligible list remain[s] in force, no appointments [can] be made except from that list." In view of the foregoing, the number of appointments which were made from the prior list, and the number of vacancies existing at the time the prior list expired, are irrelevant and therefore the denial of disclosure was not improper. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.