■ In the Matter of THEODORE G. FRANK, Appellant, v HARRY S. TISHELMAN, as Commissioner, Department of Finance, City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to appoint petitioner to the position of senior assessor, petitioner appeals from a judgment of the Supreme Court, Richmond County, entered March 26, 1979, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing in accordance herewith. In this proceeding prosecuted by petitioner *pro se,* petitioner seeks to compel the respondents to appoint him to the position of senior assessor as of June 19, 1978. Petitioner successfully sat for a promotional examination for the position of senior assessor and placed fifth on the list. The respondents passed over him and appointed the sixth person on the list. No reason was given for bypassing the petitioner. In his *pro se* brief, the petitioner states that he was subsequently passed over again and the eighth person on the list was appointed and that the eleventh, twelfth, thirteenth and fifteenth named individuals have been offered, but have declined the offer of a promotion. Petitioner alleges that the refusal to promote him is the result of a conspiracy between respondent Philip Click and petitioner's former supervisor and is an act of retaliation. He claims that the Staten Island office to which he was formerly assigned has been under continuing investigation because of improper activities; that the respondent Click believes his position to be in jeopardy; and that respondent Click "hates" the petitioner because he blames petitioner for the investigation. The petitioner cites other actions taken by respondent Click and petitioner's former supervisor to petitioner's disadvantage. He notes his 20 years of service with ratings of "satisfactory" or better and the fact that no charges have ever been made against him. Special Term dismissed the petition. Initially petitioner argues that the applicable law is a certain executive order in force when the list was promulgated and not the amendment to the New York City Charter in effect on the date when the first appointment from the list was made. This contention assumes that the petitioner acquired a vested right to appointment on promulgation of the eligible list. It is a well-established principle that those who are on an eligible list do not thereby gain a vested right to appointment to the position, but that so long as the list remains in force, no appointments can be made except from that list *(Hurley v Board of Educ.,* 270 NY 275, 279; *Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle,* 37 NY2d 526, 530; *Matter of D'Amico v Leonard,* 64 AD2d 626, 628). However, on this record, the petitioner is entitled to a hearing to attempt to prove his allegations, and, if he establishes them, to have the respondents reconsider petitioner for promotional appointment (see *Matter of Donofrio v Hastings,* 60 AD2d 989). Mangano, J. P., Rabin, Margett and Martuscello, JJ., concur.