**Arthur A. GROSSMAN, Plaintiff,**

v.

**Allen G. SCHWARTZ and the City of New York, Defendants.**

**No. 81 Civ. 0665.**

United States District Court,
S. D. New York.

May 13, 1981.

Arthur A. Grossman, pro se.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants; Doron Gopstein,

**422**

Asst. Corp. Counsel, New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a permanent civil-service attorney in the competitive class in the New York City Law Department, brings this action pursuant to 42 U.S.C. § 1983 against Corporation Counsel Allen G. Schwartz and the City of New York, alleging that Schwartz's hiring of over 100 non-civil-service attorneys since 1978 has deprived him (and members of the class of civil-service attorneys he purports to represent) of due process of law and chilled his exercise of First Amendment rights by infringing on his right to association. Defendants move to dismiss the complaint.

Plaintiff challenges defendants' hiring of attorneys under the titles "Provisional Assistant Corporation Counsel" and "Temporary Assistant Corporation Counsel," alleging that these appointments are contrary to the civil service law of New York State. Further, he charges that there were three civil service eligibility lists from which defendants failed to hire any ("or hardly any") attorneys. Finally, plaintiff alleges that defendants are in effect establishing a patronage system by driving out all civil service attorneys in the law department and replacing them with attorneys exempt from civil service requirements.

■ Although it does not appear that plaintiff has the requisite personal stake in the outcome of this action to have standing in this Court,[1] the complaint is dismissed on the merits. Plaintiff alleges that his right to due process has been violated in that Schwartz, by hiring non-civil service attorneys, has infringed on his right to be considered for promotion. It is by now hornbook law that plaintiff must allege, in order to invoke the due process guarantees of the Fourteenth Amendment, violation of a protectible property or liberty interest; in this case, it is clear no liberty interest is at stake. A property interest must be created by state law or regulation or derive from mutually explicit understandings.[2]

Under New York law, there is no "mandated right to appointment or any other legally protectible interest. [A civil servant] can assert at most the right to consideration for and a 'hope' of appointment."[3] There is no vested right of appointment even in one on the eligibility list, out of which the administrator may select any one of three.[4] Further, the administrator need not even state reasons or provide a hearing to one passed over for appointment or promotion.[5]

■ Because under state law plaintiff has no right to promotion nor could he in any way compel his appointment or promotion to a position, he has no property interest sufficient to invoke federal due process

1. Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

2. *Board of Curators v. Horowitz*, 435 U.S. 78, 82, 98 S.Ct. 948, 951, 55 L.Ed.2d 124 (1978); *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Baden v. Koch*, 638 F.2d 486, 489 (2d Cir. 1980); *Quinn v. Syracuse Model Neighborhood Development Corp.*, 613 F.2d 438, 447–48 (2d Cir. 1980).

3. *Matter of Cassidy v. Municipal Civil Serv. Comm'n of City of New Rochelle*, 37 N.Y.2d 526, 530, 375 N.Y.S.2d 300, 302–03, 337 N.E.2d 752 (1975).

4. *Frank v. Tishelman*, 72 A.D.2d 604, 421 N.Y. S.2d 174, 175–76 (2d Dep't 1979); *Matter of D'Amico v. Leonard*, 64 A.D.2d 626, 628, 406 N.Y.S.2d 876, 878 (2d Dep't 1978).

5. *Koscherak v. Schmeller*, 363 F.Supp. 932, 935 (S.D.N.Y.1973) (three-judge court), *aff'd mem.*, 415 U.S. 943, 94 S.Ct. 1462, 39 L.Ed.2d 560 (1974); *see Kaminsky v. Leary*, 33 A.D.2d 552, 304 N.Y.S.2d 650 (1st Dep't 1969), *aff'd*, 28 N.Y.2d 959, 323 N.Y.S.2d 700, 272 N.E.2d 75 (1971).

guarantees. Thus, his complaint does not state a claim under the due process clause.[6]

 Plaintiff's First Amendment claim is patently frivolous and does not require discussion. By hiring non-civil service attorneys, defendants are not infringing on plaintiff's freedom to speak out on his views or to associate with others to foster them.

Defendants' motion to dismiss the complaint is granted. So ordered.