■ In the Matter of BRIAN YATES, Respondent, v ANTHONY J. GRECCO, as Mayor of the City of Johnstown, et al., Appellants. — Appeal, by permission, from that portion of an order of the Supreme Court at Special Term (Dier, J.), entered March 23, 1981 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion for summary judgment and ordered a trial of issues of fact pursuant to CPLR 7804 (subd [h]). Petitioner, a patrolman in the police department of the City of Johnstown since 1969, took a competitive examination on May 5, 1979 for the position of sergeant and he placed second on the eligibility list. However, petitioner was passed over and respondent Cook, who ranked third on the list and had fewer years of service with the police department, was appointed. Thereafter, petitioner commenced the instant article 78 proceeding to declare the appointment of respondent Cook improper and for judgment requiring his appointment to the position of sergeant. Petitioner charges that the sole basis for his being denied appointment was the arbitrary and capricious application by the respondent officials of the City of Johnstown's residency requirement (City of Johnstown Charter, subpart A, § 14, as added by Local Laws 1962, No. 1, § 7, as amd by Local Laws, 1976, No. 4, § 1). Instead of answering, respondents moved to dismiss the petition. Special Term denied such motion and directed respondents to answer. Respondents answered and then moved for reargument of the earlier motion and to dismiss the petition (denominated a motion for summary judgment). Special Term denied the motions by order entered March 23, 1981 and directed a trial as to a question of fact, namely, whether petitioner's place of residence served as a reason for denying him the appointment. A Justice of this court granted permission to appeal from so much of the order as denied respondents' application for summary judgment and ordered a trial. Respondents concede that petitioner was exempt from the provisions of the City of Johnstown's residency requirement. However, respondents deny that petitioner's residency was the reason he was denied appointment. Accordingly, petitioner's allegation with supporting affidavits raises a question with respect to the reason petitioner was denied promotion if petitioner should establish upon a hearing that the only reason he was denied promotion was due to the application of the City of Johnstown's residency requirement, the refusal to promote petitioner to the position of sergeant would be arbitrary and capricious (see *Matter of Donofrio v Hastings*, 60 AD2d 989). We recognize that petitioner's burden in making such proof is " 'well-nigh impossible' to carry" (p 990). We also note that it is well established that there is no vested right of appointment in one on the eligibility list, since the appointing official may select any one of three on that list (Civil Service Law, § 61, subd 1; *Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle*, 37 NY2d 526). Nevertheless, on this record, petitioner is entitled to a hearing to prove his allegations and, if he establishes them, to have respondents reconsider him for promotional appointment (*Matter of Frank v Tishelman*, 72 AD2d 604; *Matter of Donofrio v Hastings, supra*). We have examined respondents' ancillary arguments and find them unpersuasive. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.