Thomas **DROGAN**, Plaintiff,

v.

Benjamin **WARD**, Commissioner, New York City Police Department and Judith Levitt, City Personnel Director, New York City Department of Personnel, Defendants.

No. 87 Civ. 4233 (RWS).

United States District Court,
S.D. New York.

Dec. 17, 1987.

Kliegerman & Friess, New York City (Rosemary Carroll, of counsel), for plaintiff.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City (Patricia O'Malley, Susan Kath, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Plaintiff Thomas Drogan ("Drogan") commenced this action under 42 U.S.C. § 1983 alleging that respondents Benjamin Ward, Commissioner of the New York City Police Department, and Judith Levitt, City Personnel Director of the New York City Personnel Department, under color of state law deprived him of his constitutional right to be considered for a promotion without due process. Respondents moved to dismiss the claim under Fed.R.Civ.P. 12(b)(6), and Drogan moved for summary judgment under Fed.R.Civ.P. 56. For the reasons set forth below, both motions are denied.

### The Complaint and Undisputed Facts

Drogan has been a uniformed member of the New York City Police Department (the "Department") since January 29, 1973 and a sergeant since August 12, 1982. In April, 1984 Drogan took and passed an examination for promotion to the position of lieutenant which earned him a place on the list of eligible candidates, List # 1613. On September 18, 1985 Drogan was placed on modified assignment because he was the subject of a pending Department investigation into allegations of his misconduct. On November 14, 1985, the Department served Drogan with disciplinary charges and specifications.

After having requested adjournments at each appearance before the Deputy Trial Commissioner, the Department moved on March 19, 1987 to dismiss the charges and specifications against Drogan. It appears that the complainant—a narcotics dealer whom Drogan had arrested several times— had ultimately refused to testify against Drogan. On March 31, 1987 the Department dismissed the charges against Drogan, and on April 3, 1987 Drogan was restored to full duty.

When he was put on modified duty, Drogan had been required to surrender his firearms, shield and identification card and had been assigned to non-enforcement duties. Although he received his full base salary as a sergeant, he earned no overtime pay as he had in previous years. While the

charges against him were pending, Drogan was not considered for promotion even though his name remained on the eligible list. List # 1613 expired on March 2, 1987.

Drogan contends that the respondents deprived him of his property interest in being considered for a promotion without due process of law. Specifically, Drogan claims that even though respondents knew that he could not be considered for a promotion while charges were pending against him, they failed to afford him a hearing within a reasonable time as required under state court decisions. A consequence of their deliberate delay, Drogan asserts, was the loss of his right to be considered for a promotion. Thus, in order to determine whether Drogan has stated a cause of action under 42 U.S.C. § 1983, the court must determine (1) whether Drogan had a property right under New York law to be considered for a promotion, and (2) whether the failure of the Department to afford him a hearing on the disciplinary charges against him during the final eighteen months of his eligibility for promotion deprived him of that right without due process.

### The Right to Consideration for Promotion as a Property Interest

To state a cause of action under 42 U.S. C. § 1983, Drogan must allege that acting under color of state law the respondents deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). To invoke the procedural protections of the Fourteenth Amendment, Drogan must allege that respondents' actions deprived him of a property or liberty interest without due process. *Id.* 451 U.S. at 537, 101 S.Ct. at 1914; *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

The sufficiency of a claim to a property interest must be decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Perry v. Sindermann,* 408 U.S. 593, 599–603, 92 S.Ct. 2694, 2698–2700, 33 L.Ed.2d 570 (1972). As the Supreme Court

held in *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709:

> Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*See also Winston v. City of New York,* 759 F.2d 242, 247 (2d Cir.1985). In New York, the "public policy of the State, by the terms of its statutes, regulations and common law, defines the scope and contours" of property interests that qualify for constitutional protection under the due process clause. *Economico v. Village of Pelham,* 50 N.Y.2d 120, 428 N.Y.S.2d 213, 215, 405 N.E.2d 694 (1980).

In support of his claim to a property interest in being considered for promotion, Drogan relies on the New York Court of Appeals' decision in *Cassidy v. Municipal Civil Service Comm'n,* 37 N.Y.2d 526, 375 N.Y.S.2d 300, 337 N.E.2d 752 (1975). In *Cassidy,* the Court of Appeals upheld the constitutionality of section 61 of New York's Civil Service Law which authorizes appointment of any one of the three people ranking highest on a list of eligible candidates. In rejecting the due process claim of the plaintiff, who had received the highest grade on an examination, the court stated:

> [t]he due process claim raised by petitioner is wholly without merit. The right alleged to have been invoked here is not of sufficient substance to merit the protection of the due process guarantees of the New York and Federal Constitutions. Petitioner does not possess any mandated right to appointment or any other legally protectible interest. He can assert at most the right to consideration for and a "hope" of appointment. (*See Board of Regents v. Roth,* 408 U.S. 564 [92 S.Ct. 2701] ...)

*Cassidy,* 375 N.Y.S.2d 302–03, 337 N.E.2d 752. The language quoted from the Court's decision in *Cassidy* is not free from ambiguity. Although the Court did state

that an applicant has the right to consideration for an appointment, it did not expressly hold that such a right rose to the level of a property interest. Indeed, the Court's holding that the petitioner "does not possess any mandated right to appointment *or any other legally protectible interest*" could be construed to support the opposite conclusion. *Cassidy*, 375 N.Y.S.2d at 303, 337 N.E.2d 752 (emphasis added). Drogan concedes that the holding in *Cassidy* bars him from asserting a right to a promotion *per se*, but he contends that the last sentence of the quoted passage is sufficient to meet *Roth*'s requirement that one who asserts a constitutionally protected property interest must "have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709.

New York statutory law contains support for the Court of Appeals' statement in *Cassidy* that there is a right to be considered for promotion. Section 61 of the Civil Service Law (McKinney's 1983) provides that "[a]ppointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list...." In *Cassidy*, the Court of Appeals rejected a challenge to section 61's one-in-three rule on the grounds that it was consistent with the state constitution's requirement that appointments and promotions in the civil service should be made according to merit and fitness to be ascertained, as far as practicable, by competitive examination. *Cassidy*, 375 N.Y.S. at 302, 337 N.E. 2d 752; *see* N.Y. Const. art. 5, § 6; *Koscherak v. Schmeller*, 363 F.Supp. 932 (S.D.N.Y.1973).

■ The right to consideration has been codified in the rules and regulations governing the appointment and promotion of candidates for the civil service. Section 3.6 of the Rules and Regulations of the Department of Civil Service (McKinney's 1983) provides:

Every candidate who attains a passing mark in an examination as a whole ... *shall be eligible for appointment* to the position for which he was examined and *his name shall be entered on the eligible list* in the order of his final rating.... (emphasis added)

Thus, section 3.6 expressly creates a right to be considered for promotion or appointment that is limited only by the requirement that an applicant successfully complete the requisite examination. This section is part of a statutory scheme that establishes procedures for rating examinations, establishing eligible lists, notifying candidates of their rating and position on the list, and appointing and promoting candidates from the list. Although neither the Civil Service Law nor the rules and regulations promulgated thereunder provide, implicitly or otherwise, that any candidate has the right to a promotion or appointment, these regulations do create a "benefit" under New York law that goes beyond a mere "abstract need," or "desire" or "unilateral expectation." *See Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. Therefore, section 61 of the Civil Service Law and section 3.6 of the Rules invest one who has successfully completed an examination with a "legitimate claim of entitlement to" the right to be considered for a promotion or appointment. *See id.*

Apart from the statutory framework, there is merit to the contention that the legitimacy of a civil service system that promotes and appoints people based on merit and fitness depends in large part on the right of each applicant who passes a screening examination to be considered for promotion or appointment. The existence of such a right is not precluded by the fact that under New York law a tenured civil servant has no entitlement to continued employment in perpetuity, *see Economico*, 428 N.Y.S.2d at 215, 405 N.E.2d 694, or that an applicant whose name appears on an eligible list has no entitlement to promotion or appointment, *see Cassidy*, 375 N.Y.S.2d at 302–303, 337 N.E.2d 752.

The absence of a right to be considered for appointment and promotion would severely undermine the basic premise of equality of opportunity on which civil service systems purport to rest. At least one

court following *Cassidy* has recognized the distinction between the right to an appointment or promotion and the right to be fairly considered therefor.[1] *See Griffin v. Carey,* 547 F.Supp. 449, 453 (S.D.N.Y.1982) ("Although a place on the eligible list does not entitle one to an appointment, it does afford an opportunity to be considered.").[2]

There are no New York decisions squarely holding that the right to be considered for a promotion in the civil service is protected by the due process clauses of the state and federal constitutions. However, New York courts have held that where an applicant for a promotion in the police department has alleged that the decision to deny him a promotion was arbitrary and capricious, he "is entitled to a hearing to prove his allegations and, if he establishes them, to have respondents reconsider him for promotional appointment." *Matter of Yates v. Greco,* 85 A.D.2d 817, 445 N.Y.S. 2d 623 (3d Dep't 1981) (patrolman ranked second on eligibility list alleges invalid residency requirement as sole reason for denial of promotion to sergeant); *see also Matter of Donofrio v. Hastings,* 60 A.D. 989, 401 N.Y.S.2d 935 (4th Dep't 1978) (patrolman ranked first on eligibility list alleges personal bias as sole reason for denial of promotion to sergeant). The courts in these cases determined that the applicant was entitled to a hearing in spite of the rule established in *Cassidy* that there is no vested right of appointment as a result of being placed upon an eligible list.

Drogan's claim to a constitutionally protected property interest in being considered for promotion presents an issue of first impression under New York law. The foregoing review of the State's statutes, regulations and common law supports the conclusion that such an interest exists for one who has successfully passed an examination and been placed on an eligible list.

### Due Process

In recognition of the Supreme Court's admonition that a federal court "is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies," *Bishop v. Wood,* 426 U.S. at 349, 96 S.Ct. at 2080, the scope of the federal remedy for an applicant who alleges that he has been denied his right to be considered for promotion or appointment can and should be narrowly drawn. Drogan has not challenged the constitutionality or adequacy of the procedures established in the rules and regulations, discussed briefly above, governing appointments and promotions in the civil service, nor has he claimed that the deprivation of his right to be considered for promotion occurred as the result of some established state procedure. Under most circumstances, therefore, New York law provides adequate remedies to protect the right of an applicant to be considered fairly for a promotion.[3]

---

**1.** In opposition to the recognition of a right to be considered for a promotion, respondents have cited *Bigby v. City of Chicago,* 766 F.2d 1053 (7th Cir.1985) in which the Court of Appeals for the Seventh Circuit held that the expectation created under Illinois' civil service law that examinations used in the civil service will be fair was "not so firm and definite an expectation as to be 'property' in a constitutional sense." Despite its holding, however, *Bigby* is not inconsistent with today's decision. Although the Court there declined to recognize a right to a rational test for promotion in the civil service of a state or municipality, it expressly stated that it was not reviewing a due process challenge to a denial of the right to be considered for a promotion: "It is not as if the city had told the sergeants that they could not take the exam, and refused to give them a chance to be heard on why they were being barred. The sergeants are not complaining about lack of notice or lack of an opportunity for a hearing or

lack of any other procedural safeguards." *Bigby,* 766 F.2d at 1053.

**2.** In *Griffin,* the court held that there was no due process violation in the removal of an applicant's name from an eligible list for firefighters when the applicant had intentionally made a false statement of a material fact on his application. *Griffin,* 547 F.Supp. at 453–54.

**3.** Thus, in the ordinary case, the placement of a candidate's name on a published list following successful completion of a screening examination in accordance with the regulations would be sufficient to ensure the right to consideration. Further, although neither reasons nor a hearing need be given to a candidate who is considered and passed over, *see Kaminsky v. Leary,* 33 A.D.2d 552, 304 N.Y.S.2d 650 (1st Dep't), *aff'd,* 28 N.Y.2d 959, 323 N.Y.S. 700, 272 N.E.2d 75 (1971), an unsuccessful applicant who alleges facts sufficient to support an allegation

It is settled law that a § 1983 litigant need not first seek to vindicate his federal claims in state court before turning to federal court for relief. *Patsy v. Florida Board of Regents*, 457 U.S. 496, 506, 102 S.Ct. 2557, 2563, 73 L.Ed.2d 172 (1982); *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). However, the Supreme Court has held that where existing state remedies are adequate to satisfy the requirements of due process, the plaintiff may be precluded from stating a cause of action under § 1983. *Parratt v. Taylor*, 451 U.S. at 543–44, 101 S.Ct. at 1916–17. Thus, in the absence of a challenge directed at the state procedures *per se*, the existence of an adequate state remedy to redress the alleged wrong means that the deprivation of property was not "without due process of law." *Id.; see* Monaghan, "State Law Wrongs, State Law Remedies, and the Fourteenth Amendment," 86 Colum.L.Rev. 979, 990–93 (1986) (explaining *Parratt*); *see also Hudson v. Palmer*, 468 U.S. 517, 533–36, 104 S.Ct. 3194, 3203–05, 82 L.Ed.2d 393 (1984) (no due process violation where postdeprivation remedies under state law are adequate). In the large majority of cases, therefore, the remedy for an applicant who alleges that he was not fairly considered for promotion or appointment will be an Article 78 proceeding in state court.

Here, Drogan's name was on the eligible list for a period of nearly sixteen months before he was placed on modified duty status. He remained on modified status for another nineteen months without a hearing on the charges against him. At each appearance before the Deputy Trial Commissioner, the Department requested and received an adjournment in spite of Drogan's protests that the pendency of the charges deprived him of the opportunity to be considered for promotion and had the effect of removing his name from the eligible list. After the charges against him were

dropped, Drogan learned that List # 1613 had expired.

Although Drogan did not pursue any state remedies, respondents have not shown that any state remedies were open to him. He could not, of course, appeal the Department's decision to dismiss the charges against him. In addition, because he was not considered for promotion and rejected, there was no adverse decision that could be reviewed in an Article 78 proceeding.

While it is not necessary at this time to decide whether the pendency *per se* of charges against Drogan deprived him of a right to consideration for promotion without due process, a question has been raised as to whether the delay in prosecuting the charges was arbitrary or capricious or in bad faith. *Cf. Matter of O'Keefe v. Murphy*, 38 N.Y.2d 563, 381 N.Y.S.2d 821, 345 N.E.2d 292 (1976) (due process requires that delay not deprive officer of fairness and justice).

Therefore, because the record is not sufficiently developed for a ruling on summary judgment as to the reasonableness of the adjournments, Drogan's motion is denied without prejudice to renew. For the reasons set forth above, respondents' motion to dismiss the complaint is denied.

IT IS SO ORDERED.

---

that the decision not to promote or appoint him was arbitrary or capricious may obtain review of that decision through an Article 78 proceeding. *See Matter of Yates*, 445 N.Y.S.2d 623; *Matter of Donofrio*, 401 N.Y.S.2d 935; *see also Matter of Mena v. D'Ambrose*, 44 N.Y.2d 428, 406 N.Y.S.2d 22, 377 N.E.2d 466 (1978) (police officers aggrieved by errors in competitive examination that rendered eligible list in derogation of merit and fitness standards for promotion).