OPINION OF THE COURT
Andrew V. Siracuse, J.
The petitioners in this CPLR article 78 proceeding seek to have this court overturn a decision of the Monroe County Civil Service Commission. The petitioners are members of the Rochester Fire Department. On December 15, 1979, the petitioners were appointed temporary fire lieutenants for six months. The list of eligibles from which the petitioners were *1118 appointed expired on December 16, 1979. The petitioners are either not on the new list or so low on it that they would not be appointed from it. The petitioners ask this court to declare that they are entitled to be appointed permanent fire lieutenants at the expiration of their temporary appointments, or any extensions thereof. Alternatively, the petitioners ask this court to declare that their appointments to temporary positions on December 15, 1979 were improper and that they should have been appointed to permanent positions.
Rule 18 of the Monroe County Civil Service Commission allows a temporary appointee whose eligible list has expired to be eligible for permanent appointment provided "the temporary appointee is at the time of such appointment reachable for permanent appointment on such eligible list”. Richard B. Osterman, Manager of Civil Service, Monroe County, has interpreted "reachable” to mean a person who is eligible for appointment or promotion under section 61 of the Civil Service Law. The court agrees that "reachable” means eligible for appointment and promotion as defined in section 61 of the Civil Service Law and further defined under the Rules of the Monroe County Civil Service Commission.
Eligible is defined by subdivision 1 of section 61 as a person who is "one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list”. A person who waives appointment is treated ineligible. (Rules of Monroe County Civil Service Commission, rule 14, subds [3], [4], [5].) A person is eligible, and therefore reachable, if he is among the top three who are on the list and have not waived.
When dealing with multiple appointments, the definition of eligibility is more complicated. The Monroe County Civil Service Commission suggests that eligible means the same when one appointment is made as it does when five appointments are made. Clearly, this position is untenable. If eligible means the same for single and multiple appointments, then any multiple appointment of more than three persons would be improper, because, generally, no more than three people are eligible under the rules for eligibility for single appointments.
This problem would be avoided if all appointments were single appointments. When multiple appointments are necessary, the appointments could be done one at a time. For instance, if five appointments were necessary, the first person *1119 could be appointed from the top three. The first appointee’s name would then be removed from the list and the second appointment would be made from the people who were then among the top three. This procedure would be continued until all five appointments were completed.
The court takes notice that multiple appointments are frequently made. Even if multiple appointments are technically improper, the court will not interfere if the appointments could have been made by successive orders. (Matter of Donofrio v Hastings, 60 AD2d 989.) In effect, multiple appointments are permissible as long as the substance of section 61 of the Civil Service Law is followed. Section 61 substantively requires a single appointment to be made from the top three eligibles. Two appointments could therefore be made from the top four eligibles; three appointments could be made from the top five eligibles, etc.
The respondent fire chief made multiple appointments of five firemen to the position of temporary fire lieutenant. Based on the prior analysis, when five appointments are made, they can be made from the top seven eligible persons. Since the top seven persons are eligible, they are also "reachable”. The three petitioners, James Boccardo, Daniel Cavuto, and Joseph Niccoli, who were among the top seven people on the eligibility list which expired on December 16, 1979, are therefore eligible for permanent appointment under subdivision 1 of rule 18 of the Monroe County Civil Service Commission. (See, also, 4 NYCRR 4.11.)
The fourth petitioner, Jon Le Beau, was ninth on the eligibility list which expired December 16, 1979. Four of the people who were on that list, however, declined to accept the appointment. A person who declines an appointment is treated as ineligible for that particular appointment. (Rules of Monroe County Civil Service Commission, rule 14, subd [3].) That person is also ineligible for other appointments from that "eligible list unless declination is for one or more of the following reasons: (a) Insufficiency of compensation offered when below minimum of grade of the position for which the examination was held; (b) Location of employment; (c) Temporary inability, physical or otherwise, which must be satisfactorily explained by the eligible in writing.” (Rules of Monroe County Civil Service Commission, rule 14, subd [4].)
The Monroe County Civil Service Commission failed to note on the eligible list which expired on December 16, 1979 the *1120 reasons why the four people declined appointment. Under subdivision (4) of rule 14, they were required to enter this information on the list. The court could remand this proceeding to the Monroe County Civil Service Commission to enable them to make the appropriate entries. The affidavits of the respondents, however, indicate that the reason for the declination was the desire of the individuals who declined to obtain a permanent appointment. The court will accept this as the reason for the declination without remand.
The four people who waived appointment from the eligibility list which expired on December 16, 1979, declined for reasons other than those specified in subdivision (4) of rule 14. These declinations made them ineligible for appointment to any position from that list. As a result of these declinations, the persons who were in the fourth, fifth, sixth, and ninth positions on that list are moved up to the second, third, fourth, and fifth positions, respectively, in terms of eligibility. The people who were in the first, fourth, fifth, sixth, and ninth positions therefore become the top five eligible persons on that list. Since eligible means reachable, the people who were appointed to the position of temporary fire lieutenant were reachable. Accordingly, all four of the petitioners, including Jon Le Beau, are reachable under rule 18 and are therefore eligible for permanent appointment.