Gerald SCHWARTZ, Plaintiff-
Appellant,

v.

Marttie Louis THOMPSON, Counsel,
et al., Defendants-Appellees.

No. 847, Docket 73-2392.

United States Court of Appeals,
Second Circuit.

Argued April 16, 1974.

Decided May 21, 1974.

Eugene F. Prosnitz, New York City, for plaintiff-appellant.

Oscar G. Chase, Brooklyn, N. Y. (Terence H. Benbow and Steven A. Berger, New York City, on the brief), for defendants-appellees.

Before KAUFMAN, Chief Judge, CLARK, Associate Justice,* and SMITH, Circuit Judge.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order by the United States District Court for the Southern District of New York, Sylvester J. Ryan, *Judge*, dismissing appellant's complaint challenging failure to promote neighborhood legal services attorney for want of both subject-matter jurisdiction and an actionable claim. We agree that appellant's complaint does not state a claim on which relief may be granted and we affirm.

Appellant is an attorney who has spent the bulk of his six-year legal career on the staff of the Community Action for Legal Services (CALS) organization in New York City. Appellees, the General Counsel and officers of CALS, apparently concede that appellant has tenure and could not be discharged from that position without some type of hearing.

The issue here, however, is not termination, but rather promotion. Under the present system, each of the nine neighborhood corporations in CALS is free to hire and promote from those placed on a roster by the CALS central

* United States Supreme Court, retired, sitting by designation.

board. The board, in turn, has delegated its authority over the roster to an interviewing team of CALS attorneys, with final approval vested in CALS General Counsel, defendant Thompson.

In this case, the Bedford-Stuyvesant neighborhood corporation offered appellant a position as its Director of Litigation. But following a review of his employment file and an interview with the CALS attorneys, Mr. Schwartz was advised—without further explanation or hearing—that his name would not be added to the hiring and promotion list. Appellant was free to remain as a CALS staff attorney and has, in fact, done so for many months while pursuing this action.

Appellant advances no less than three bases for jurisdiction: The Administrative Procedure Act providing for judicial review of federal agency action, 5 U.S.C. § 702; the mandamus section of the Judicial Code, 28 U.S.C. § 1361, authorizing actions to compel "any officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"; and the Civil Rights Act of 1871, 42 U.S.C. § 1983. While each statute presents a slightly different and rather novel variant of the governmental action question, all hinge on the alleged violation of appellant's constitutional right to a due process hearing.[1] Because we believe appellant had no such right in the context of this case, we find it unnecessary to consider further the troublesome issues of governmental action.

Both parties concede that appellant's constitutional claim is governed by Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and both cite it as authority for their respective positions. Indeed, *Roth* does support each party to some extent.

■ First we agree with appellant that *Roth*, and its companion case Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), make it clear that where an employee must be accorded due process in a career decision, the right to a hearing of some kind is "paramount." *Roth*, 408 U.S. 564, 569–570, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry*, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570. *Assuming* then that appellant was entitled to due process, we cannot say the procedures employed here were sufficient.[2]

But as the *Roth* Court was quick to add, "the range of interests protected by procedural due process is not infinite." 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548. Hearkening to the words of the Fifth and Fourteenth Amendments, *Roth* examined the parameters of "liberty" and "property" in the public employment context. Under the heading of "liberty," the Court looked to the stigma that might result from a discharge:

The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510,

---

1. Appellant's complaint does not allege that the CALS rostering procedure violates any federal or state statute or any regulation of its public patron, the Office of Economic Opportunity. Moreover, Judge Ryan expressly found no such violation.

2. Recently a bare majority of the Supreme Court has held that where there are adequate provisions for compensating the victims of unjustified dismissals, only a post-termination hearing is necessary. Arnett v. Kennedy, —— U.S. ——, 94 S.Ct. 1633, 40 L. Ed.2d 15, 42 U.S.L.W. 4513, 4519–4520, 4531–4532 (1974) (plurality opinion of Rehnquist, J., in which Burger, C. J., and Stewart, J., join; Powell and Blackmun, JJ., concurring in part).

Here, of course, there was no adversary hearing at any time.

27 L.Ed.2d 515; Wieman v. Updegraff, 344 U.S. 183, 191, 73 S.Ct. 215, 219, 97 L.Ed. 216; Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817; United States v. Lovett, 328 U.S. 303, 316–317, 66 S.Ct. 1073, 1079, 90 L.Ed. 1252; Peters v. Hobby, 349 U.S. 331, 352, 75 S.Ct. 790, 801, 99 L.Ed. 1129 (Douglas, J., concurring). See Cafeteria Workers v. McElroy, 367 U.S. 886, 898, 81 S.Ct. 1743, 1750, 6 L.Ed. 2d 1230. In such a case, due process would accord an opportunity to refute the charge.

. . .

408 U.S. 564, 573, 92 S.Ct. 2701, 33 L. Ed.2d 548.

▇ In Russell v. Hodges, 470 F.2d 212 (2d Cir. 1972), we noted that the authorities cited in this passage involved charges of chronic alcoholism or association with subversive organizations, and we therefore concluded that by "stigma" the Court was "thinking of something considerably graver than a charge of failure to perform a particular job, lying within the employee's power to correct." *Id.* at 217.

Here there is clearly no such stigma. Appellant has not been discharged; he has merely not been promoted. While a poor promotion record may in some circumstances indicate a lack of ability, such is clearly not the case here, since the position appellant seeks—Director of Litigation—rather obviously involved skills beyond those of a competent staff attorney. As appellant himself stresses, the CALS board has never suggested that his performance as an attorney has been less than adequate; and it has, in fact, continued to employ him in that capacity. Such continued employment in a position of both public and private trust is a far cry from the stigma necessary to invoke due process protections under *Roth*.[3]

There is similarly no merit in Mr. Schwartz' contention that CALS deprived him of "liberty" by substantially curtailing "his freedom to take advantage of other employment opportunities." *Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548. He is not foreclosed from all legal positions as were the plaintiffs in Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957)—the case cited by *Roth* in this regard. Nor is he being denied access to the sub-sector of "poverty law" positions in New York City, for there are a number of such opportunities which are not governed by the CALS roster. (We are informed that just prior to oral argument plaintiff changed from CALS to another such employment.) Indeed, appellant is not even being denied such employment with CALS itself. All he is being "foreclosed" from is the narrow sliver of the legal profession consisting of the *supervisory* positions in CALS. We find that hardly the substantial deprivation of employment opportunities required under *Roth* for a due process claim.[4]

---

3. *Compare*, Harnett v. Ulett, 466 F.2d 113, 117–118 (8th Cir. 1972) (no stigma where no specific charges were made); Lipp v. Board of Education of City of Chicago, 470 F.2d 802, 805 (7th Cir. 1972) (no stigma in a rating report that the employee was "antiestablishment"); Simard v. Board of Education of Town of Groton, 473 F.2d 988, 991–992, 992 n. 6 (2d Cir. 1973) ("doubt" expressed that numerous charges of insubordination would be sufficiently damaging); Olson v. Trustees of California State Universities, 351 F.Supp. 430, 432–433 (C.D.Cal. 1972) (no stigma attached to the denial of a promotion) *with* Hostrop v. Board of Junior College District No. 515, 471 F.2d 488, 494 (7th Cir. 1972), cert. denied, 411 U.S. 967,

93 S.Ct. 2150, 36 L.Ed.2d (1973) (stigma found in charges involving the employee's veracity and loyalty); McNeill v. Butz, 480 F.2d 314, 319–320 (4th Cir. 1973) (stigma present in charges of deliberate fraud); Suarez v. Weaver, 484 F.2d 678, 679–681 (7th Cir. 1973) (stigma likely in charges of medical malpractice); Snead v. Dept. of Social Services, City of New York, 355 F.Supp. 764, 771 (S.D.N.Y.1973, 3-judge court), appeal pending, 41 U.S.L.W. 3659 (1973) (stigma found in loss of employment for reasons of mental illness).

4. *Compare*, Board of Regents v. Roth, 408 U.S. 564, 573, 575, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (no foreclosure where the em-

Appellant's contention that he has a "property" interest in a place on the CALS roster fares no better than his "liberty" theories. As defined in *Roth*:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548.

Appellant has no such entitlement. While one can conceive of circumstances where a promotion would be virtually a matter of right—for example, where it was solely a function of seniority or tied to other objective criteria—this is not such a case. To be sure, appellant's experience as a CALS staff attorney is an important consideration; but it is far from a complete qualification for the supervisory position of litigation director. *Compare,* Koscherak v. Schmeller, 363 F.Supp. 932, 935–936 (S.D.N.Y.1973, 3-judge court), aff'd, 415 U.S. 943, 94 S.Ct. 1462, 39 L.Ed.2d 560, 42 U.S.L.W. 3480 (1974).

Nor is there any suggestion that the vast majority of staff attorneys are promoted to supervisory positions so as to create a *de facto* "right" to such advancement. *Compare,* Perry v. Sinderman, 408 U.S. 593, 601–603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In short, appellant's inability to demonstrate any objective entitlement—formal or informal—to the supervisory position he seeks precludes any "property" interest requiring the protections of due process.

Since appellant was denied neither "liberty" nor "property" in being refused a place on the CALS roster, we find there was no *constitutional* need for a due process hearing.

The judgment is affirmed.

ployee was barred from teaching at only one state university) ; Crabtree v. Brennan, 466 F.2d 480, 481 (6th Cir. 1972) (no right to work in a particular school district) ; Robinson v. Jefferson County Board of Education, 485 F.2d 1381, 1382 (5th Cir. 1973) (no foreclosure problem where a teacher was barred from a county school district). *See also*, Russell v. Hodges, 470 F.2d 212, 216–17 (2d Cir. 1972) (upholding discharges from the relatively specialized positions of narcotics corrections officer, hostler and transit policeman without discussion of any foreclosure problem).