Stephen **PERDEAUX** et al.
Plaintiffs–Appellants,

v.

**UNITED STATES of America; George W. Bush, President of the United States; John Ashcroft, United States Attorney General; Benigno G. Reyna, Director, United States Marshals Service; Kay Cole James, Director, Office of Personnel Management, Defendants–Appellees.**

**Docket No. 02–6224.**

United States Court of Appeals,
Second Circuit.

Submitted: July 17, 2003.

Decided: July 30, 2003.

---

Lawrence Berger, Mahon and Berger, Garden City, New York, for Appellants.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Sandra L. Levy, Assistant United States Attorney, Deborah B. Zwany, Assistant United States Attorney, of counsel), for Appellees.

Before: CALABRESI, RAGGI, WESLEY, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, 138 in number, are Field Witness Security Specialists for the United States Marshals Service (USMS). They assert that in July 1993, USMS personnel officer Kaye McWhirter reclassified them from General Schedule (GS) 1811–12 to a new GS 1811–13 "Criminal Investigator" position, but they never actually obtained the GS–13 rank. According to plaintiffs, because Ms. McWhirter possessed "final authority" to execute this action, and because the applicable regulation provides for such actions to become effective not later than the beginning of the fourth pay period following the date of reclassification, they have a "legitimate claim of entitlement" to, and hence a property interest in, the upgraded position. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Defendants' subsequent failure to implement the reclassification, plaintiffs contend, constitutes a denial of their due process rights under the Fifth Amendment. Based on this claim, they sought an order from the district court compelling the defendants retroactively to reclassify them.

The district court (Gershon, *J.*), concluding that Ms. McWhirter lacked "properly delegated authority" to approve the modification, granted summary judgment to defendants. *Perdeaux v. United States*, 205 F.Supp.2d 58, 65 (E.D.N.Y.2002) (citing 5 C.F.R. § 511.701(a)(1)). Judge Gershon found that Department of Justice policy, operative on the date of reclassification, required bureau personnel officers to seek advice and approval from the Department's Justice Management Division (JMD) before effectuating any personnel change covering twenty or more positions. Ms. McWhirter never submitted this proposed action to JMD for review. The court below, therefore, held that the reclassification was defective, and that plaintiffs possessed no more than a "unilateral expectation" of promotion, which did not amount to a Fifth Amendment property interest. 205 F.Supp.2d at 62, 65 (quoting *Roth*, 408 U.S. at 577, 92 S.Ct. 2701).

We review the district court's grant of summary judgment *de novo*. *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 90 (2d Cir.2002). A motion for summary judgment will be granted where we find no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, summary judgment is appropriate if the evidence is such that a reasonable factfinder would be "compelled to accept the view of the moving party." *This is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir.1998). That is the situation before us. Accordingly, we affirm, and do so substantially for the reasons given by the district court.

In affirming, we need not decide whether JMD's *approval* was necessary. At a minimum, DOJ policy—in effect in 1993, the relevant date for this suit—required bureaus to seek *advice* from Department staff on all classification actions covering twenty or more positions. DOJ Order 1511.4B dictated that "[h]eads of bureaus *shall* refer to the Personnel and Training staff for review any proposed action which will affect the grades of 20 or more positions..." (effective Oct. 29, 1976, rescinded Jan. 13, 1994, in a memorandum from Assistant Attorney General Stephen R. Colgate) (emphasis added).[1] A second DOJ order set forth a similar policy: "Requests for advice on the classification of positions or the interpretation of classification standards may be directed to the Director, Personnel and Training Staff .... Please note, in this connection, that classification proposals which would affect 20 or more positions in the same or related lines of work *must* be submitted to the Director, Personnel and Training Staff for pre-audit." DOJ Order 1511.6 (Apr. 29, 1981) (emphasis added).[2]

Plaintiffs offer no evidence to the contrary. Moreover, they admit that USMS failed to consult the Department for advice regarding this particular personnel action. Consequently, the reclassification never took effect, and plaintiffs cannot assert a cognizable Fifth Amendment property interest. *Roth*, 408 U.S. at 577, 92 S.Ct. 2701. Defendants are therefore entitled to judgment as a matter of law.[3]

---

1. DOJ Order 1511.4B was issued when certain executive agency classification decisions required the approval of the Civil Service Commission; the Order remained in effect after the Commission was replaced by the Office of Personnel Management, which eventually abandoned these requirements. Paragraph 5b of the Order establishes the three actions that DOJ could take upon review of a classification proposal affecting 20 or more employees: (1) support the proposal and seek the concurrence of the Commission, (2) not support the proposal and urge the submitting bureau to reconsider the action, or (3) advise the bureau that the action was not the type requiring consultation with the Commission. Plaintiffs assert that the second option did not reserve to DOJ a right of approval. Even if that interpretation of the regulation were correct, however, it would not excuse a bureau, such as the Marshals Service, from its obligation to submit a classification proposal for review and advice.

2. Apparently, the Marshals Service did not view itself as empowered to act without DOJ approval. Its service manual expressly identifies "[c]lassification changes which impact upon the grade level of twenty or more positions" as one of the "[d]elegations of authority retained by the Department of Justice or the Office of Personnel Management." USMS Manual § 4.17–4(a)(5) (citing DOJ Order 1511.6).

3. Defendants argue that the Civil Service Reform Act of 1978 precludes a constitutional claim for equitable relief arising out of federal government employment actions. We need not resolve this issue since, for the reasons stated above, plaintiffs' complaint fails on its merits. To the extent defendants suggest that

We have considered all of appellants' claims and find them meritless. Accordingly, plaintiffs' request for a writ of mandamus is denied, and we need not reach, as defendants have asked us to do, the question of whether mandamus is an appropriate form of relief in this kind of case. The district court's grant of summary judgment to defendants is AFFIRMED.

the CSRA deprives the court of jurisdiction, we assume, for purposes of this appeal only, that jurisdiction exists. *See Fama v. Commissioner of Correctional Servs.*, 235 F.3d 804, 816 n. 11 (2000) (holding that, where the jurisdictional issue is statutory, avoiding the question is not proscribed by *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).